# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CHAD WILLIAM REED,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. CIV 13-542-RAW-SPS |
| | ) | |
| **JANET DOWLING, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner has filed motions requesting the court to appoint counsel, and he also is asking for assistance in discovery and an evidentiary hearing. He bears the burden of convincing the court that his claim has sufficient merit to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)).

Petitioner alleges he needs appointed counsel to conduct discovery with respect to a claim of ineffective assistance of appellate counsel. He claims that in July or August 2008, he learned that State's witness Wyva Clouse was caught with drugs in 2007 when she had a car wreck, but no charges were filed against her. Petitioner told both of his direct appeal attorneys about this information as early as October 2008 to January 2009, but the issue was not developed. Petitioner believes this alleged failure of his appellate attorneys to investigate the information constituted ineffective assistance of counsel on direct appeal, and he wants to obtain numerous documents related to the issue.

Petitioner also asserts he needs an affidavit from State's witness Patricia

Hollingsworth concerning petitioner's aunt Judy Rutherford. Rutherford allegedly did not contradict petitioner's narrative about what happened the night of the shooting until she was facing hot check and forgery charges.

As for petitioner's request for discovery and an evidentiary hearing, "review under §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, ___ U.S.___, 131 S.Ct. 1388, 1398 (2011). Section 2254(d)(1) "requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at the same time *i.e.*, the record before the state court." *Id*.

Regarding petitioner's request for an evidentiary hearing,

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Petitioner has failed to meet this burden.

The court has carefully reviewed the merits of petitioner's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After

2

considering petitioner's ability to present his claims and the complexity of the legal issues raised by the claims, the court finds that appointment of counsel is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *See also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

Finally, regarding petitioner's claim that he was denied adequate access to the law library and legal assistance, such claims are not cognizable in a habeas corpus action. To present such a claim, plaintiff must file a civil rights complaint, pursuant to 42 U.S.C. § 1983.

**ACCORDINGLY,** petitioner's motions (Docket Nos. 10, 16, 17) are DENIED.

**IT IS SO ORDERED** this 17th day of March 2015.

**Dated this 17th day of March, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma